UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Takiya N. Dixon, on behalf of herself and similarly situated consumers, | Case No.: 2:18-cv-04974-KM-MAH |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| vs. | |
| Capital Management Services, LP, | |
| Defendant. | |

Plaintiff, Takiya N. Dixon ("Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1191(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in New Jersey.

5. Capital Management Services, LP ("Capital") is a debt collector as that term is used and defined under 15 U.S.C. § 1692a. Its headquarters is located at 698 South Ogden Street, Buffalo, New York, 14206.

## FACTUAL STATEMENT

6. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

7. Jefferson Capital Systems ("Jefferson") is a debt buyer. It is directly engaged in purchasing debts in amounts less than $50,000 and attempting to collect upon those debts against consumers. As such, it is a "consumer lender" as defined in N.J.S.A § 17:11C *et seq.*

8. On January 20, 2017, Capital mailed Plaintiff a collection letter for a debt incurred with First Premier Bank. Exhibit A.

9. The debts arose from use of a credit card used for personal, family, and household purposes.

10. Capital was collecting on behalf of the current creditor: Jefferson.

11. Capital's letter falsely represented that Jefferson is in fact legally allowed to collect on said debt. That is not the case.

12. In New Jersey, before a "consumer lender" may collect a debt, they must be licensed to do so under the New Jersey Consumer Finance Licensing Act ("NJCFLA").

13. Jefferson was not a registered "consumer lender" at the time Capital sent the letter.

14. By presenting to Plaintiff that Jefferson was allowed to collect on her debt, when in fact Jefferson was prohibited from doing so by law, Capital has violated the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

15. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

16. Plaintiff seeks to represent a class defined as follows:

    Class: **All consumers within the State of New Jersey that have received collection letters from Capital for debts currently owed by Jefferson, while Jefferson did not have a consumer lender license, sent within one year prior to filing of this complaint.**

17. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

18. Upon information and belief, Capital has sent hundreds of similar letters to consumer debtors throughout New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The letters sent by Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the Defendant's records.

### Common Questions of Law and Fact

21. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

22. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### **Protecting the Interests of the Class Members**

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Capital's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Capital's conduct to proceed and; (b) allowing Capital to enjoy the benefit of its ill-gotten gains.

32. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

33. Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

34. Capital's collection letter is false, deceptive and misleading, and violates the below provisions of the FDCPA.

35. Section 1692e provides:

   **§ 1692e. False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> > **(A) the character, amount, or legal status of any debt;**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

36. Section 1692f provides:

    > **§ 1692f. Unfair Practices**
    >
    > **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

WHEREFORE, PLAINTIFF respectfully requests that this court do the following for the benefit of the Plaintiff:

A. Certify the classes described herein and appoint Plaintiff as lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory and actual damages, for Plaintiff and each member of the classes;

C. Award costs, interest, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)3; and

D. Grant such other and further relief as may be just and proper.


Dated:   April 10, 2018
         Clifton, New Jersey

6

## JURY TRIAL DEMAND

37. Plaintiff demands a jury trial on all issues so triable.

        Respectfully Submitted,

        /s/ Daniel Zemel
        Daniel Zemel
        **Zemel Law LLC**
        1373 Broad Street, Suite 203-C
        Clifton, New Jersey 07013
        (P) (862) 227-3106
        dz@zemellawllc.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2018 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

        s/ Daniel Zemel
        Daniel Zemel, Esq.